UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00382-MOC-DSC

| | | |
|---|---|---|
| **LEIGH ANN HARRIS,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| **THE VANGUARD GROUP, INC.,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review

at all of issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In particular, plaintiff objects to the magistrate judge's findings supporting his recommendation that concern her failure to plausibly assert that she suffered an adverse employment action and that she was treated differently from other employees who held other religious beliefs. To fully consider such objection, the court must first consider precisely what Rule 12(b)(6), Federal Rules of Civil Procedure, provides.

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Id.</u> at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." <u>Id.</u> at 561 (alteration in original). Post <u>Twombly</u>, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. Further, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, she must merely advance her claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If her explanation is plausible, her complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

In this case, Judge Cayer has properly concluded that plaintiff has not and apparently cannot allege that she suffered any recognized adverse employment action or that she was treated more harshly than other employees who did not share her religious views. As to the requirement of pleading a plausible adverse employment action, an allegation that a negative year-end performance appraisal that resulted in her not receiving a discretionary bonus is, as a matter of well settled law, insufficient to support a claim of employment discrimination. Scott v. Teachers Ins. & Annuity Ass'n of Am., No. 3:12-CV-00697-FDW, 2013 WL 2948315, at *6 (W.D.N.C. June 14, 2013) *aff'd sub nom.*, Scott v. TIAA-CREF, 542 Fed. Appx. 294 (4th Cir. 2013) (dismissing Title VII retaliation claim

4

and finding poor performance review was not adverse action despite impact on bonus award). As to the requirement of pleading that she was treated differently than a person who did not share her beliefs, plaintiff's obligation was to plead some plausible facts that, if later proven, could support a jury in finding that similarly situated, non-Christian employees of defendant received better treatment. Elhassan v. Proctor & Gamble Mfg. Co., No. 1:12cv1039, 2014 WL 1281231, at *4 (M.D.N.C. March 27, 2014). Plaintiff's argument that she has no way to know that because she lacks access to defendant's employment database misses the point: to be plausible, an allegation that she was treated differently based on her religious beliefs must be based on something more than mere speculation. Put another way, before a party can haul another party into court on serious charges of employment discrimination, the plaintiff must be able to point to the information which informs her belief that she was discriminated against. She cannot just say she believes she was discriminated against and then go on a fishing expedition through her employer's files in an attempt to find a comparator. At its core, the term discrimination means that a person was treated differently than another similarly situated person based on a protected characteristic or activity. To require otherwise would be to put defendant to task of defending against an unknown. Mere speculation is not sufficient to state a cognizable claim for employment discrimination.

Finally, as to plaintiff's claim of retaliation, Judge Cayer has also correctly analyzed that claim under prevailing law, to wit, University of Texas Southwestern Medical Center v. Nassar, ___ U.S. ____, 133 S. Ct. 2517 (2013). The only "protected activity" plaintiff engaged in was filing a charge of discrimination with the EEOC, an activity which took

place well after the alleged acts of discrimination occurred. The court has also considered plaintiff's request to amend her pleadings to allege "retaliation" if the court finds her allegations of "religious retaliation" insufficient. Plaintiff has not, however, alleged any additional facts that inform or support such amendment and that could conceivably make such a claim rise above the possibility of misconduct to the plausibility now required under Rule 12.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

### ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#13) are **OVERRULED**, Judge Cayer's Memorandum and Recommendation (#12) is **AFFIRMED,** defendant's Motion to Dismiss (#3) is **GRANTED,** and this action is **DISMISSED**.

Signed: January 8, 2016



Max O. Cogburn Jr.
United States District Judge